**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLADIS FLORINDA ESTEBAN-OLIVA, | No. 20-73503 |
| Petitioner, | Agency No. A205-641-189 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023[**]

Before:    SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Gladis Florinda Esteban-Oliva, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

her appeal from an immigration judge's ("IJ's") decision denying her applications

for asylum, withholding of removal, and protection under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Esteban-Oliva's testimony, Form I-589, and documentary evidence regarding the length of time she was kidnapped and held, the nature of her relationship with her kidnapper, and who brought her to receive treatment for her burns. *See id.*, at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021) (agency can afford substantial weight to inconsistencies that bear directly on petitioner's claim of persecution). Esteban-Oliva's explanations do not compel a contrary conclusion. *See Lata*, 204 F.3d at 1245. Thus, in the absence of credible testimony, Esteban-Oliva's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Esteban-Oliva does not challenge the agency's CAT determination, we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th

Cir. 2013).

Esteban-Oliva's claim that the BIA violated due process by streamlining its decision fails because she has not shown error. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850-52 (9th Cir. 2003) (BIA's streamlined decision did not violate due process); *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (error is required to prevail on a due process claim).

To the extent Esteban-Oliva contends the IJ violated her right to due process and that she is eligible for voluntary departure, we lack jurisdiction to review these claims because she did not exhaust them before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency); *see also Karingithi v. Whitaker*, 913 F.3d 1158, 1162 (9th Cir. 2019) (new claim based on change of law may be raised in a motion to reconsider at the agency).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**